
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LUKOV, | No. 12-17695 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00201-EJD |
| v. | |
| SCHINDLER ELEVATOR CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 13, 2015[**]
San Francisco California

Before: NOONAN and SILVERMAN, Circuit Judges, and GARBIS, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

William Lukov appeals the district court's grant of summary judgment in favor of Schindler Elevator Corporation. Lukov claimed that Schindler violated California Labor Code §§ 6310 and 1102.5 and California common law by terminating him in retaliation for reporting an unsafe Nordstrom elevator to Schindler and the California Department of Occupational Safety and Health. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

The district court erred when it held that Lukov could not prove that he engaged in protected activity because he did not step outside of his role of reporting elevator code violations. Although the California Supreme Court has not addressed the issue, state appellate courts have refused to extend the federal "step outside of his role" rule to California wrongful termination claims. *See*, *e.g.*, *McVeigh v. Recology San Francisco*, 152 Cal. Rptr. 3d 595, 617 (Ct. App. 2013); *Storm v. Thrifty Payless, Inc.*, No. B228091, 2011 WL 6004447 at \*10-11 (Cal. Ct. App. Dec. 1, 2011) (unpublished opinion). Consistent with *McVeigh*, California has amended the whistle blower statute to apply "regardless of whether disclosing the information is part of the employee's job duties." Cal. Labor Code § 1102.5(b) (2014). Thus, the California Supreme Court is unlikely to adopt the federal rule for its state law claims.

The district court also erred in granting summary judgment against Lukov on his claim that his employer, in violation of California Labor Code § 6310, retaliated against him for complaining about unsafe working conditions. Lukov came forward with sufficient evidence that he was laid off for complaining about what he reasonably believed to be the dangerous location of a department store's elevator shunt trip – a condition that he reasonably believed created an electrocution hazard to persons entering the elevator machine room, including elevator repairmen such as himself.

The district court also erred in granting summary judgment against Lukov on his claim under California Labor Code § 1102.5. Even assuming, for the sake of argument, that Lukov was mistaken about whether state regulations prohibited the specific location of the shunt trip at issue, Lukov came forward with evidence from which a trier of fact could find that he had "reasonable cause to believe" (which is all that the statute requires) that the shunt trip's placement violated safety regulations. California Labor Code § 1102.5 protects whistle blowers if they act with reasonable cause to believe that a rule or regulation was violated, even if they turn out to be wrong.

For the same reasons, Lukov's public policy claims linked to violations of §

6310 and § 1102.5 survive summary judgment.

**REVERSED AND REMANDED.**